# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| RICHARD SPEIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01124 |
| ) | JUDGE CRENSHAW |
| CARBONITE, INC., and CARBONITE ) | |
| SECURITIES CORP., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Carbonite, Inc. and Carbonite Securities Corp.'s Motion to Dismiss and Compel Arbitration. (Doc. No. 5.) For the reasons discussed below, the Court **DENIES** the Motion to Dismiss and Compel Arbitration.

**I.   Background**

Richard Speight ("Speight") is a Tennessee resident who purchased a backup service provided by Carbonite, Inc. (together with Carbonite Securities Corporation, "Carbonite"). (Doc. No. 1-1 ¶¶ 1, 5.) Speight alleges that, "sometime prior to February 22, 2011," he entered an agreement with Carbonite that it would back up his computer files for a year for a fee. (Id. at ¶ 4.) Speight claims that he "was not asked to read or accept any additional terms." (Id. at ¶ 5.) Speight further alleges that on March 24, 2012, he saw a notice that his last backup had been on March 24, 2012 and decided not to renew the service. (Id. at ¶ 6.)

On March 24, 2014, Speight alleges that he "entered into a new, completely, separate and distinct contract by purchasing another Personal Basic-One year Carbonite subscription" that included two additional years of backup coverage. (Id. at ¶ 7.) Again, he "was not asked to read or

accept any additional terms." (Id.) The following year, Carbonite automatically renewed Speight's service for 2015. (Id. at ¶ 8.) On June 8, 2015, Speight's computer crashed and his files were lost. (Id. at ¶ 9.) When he attempted to retrieve his files from Carbonite's servers, he found that the files were never backed up and the last set of backed up files were from his original subscription on March 24, 2012. (Id. at ¶ 10.) On March 28, 2016, Speight was again charged for renewal of the Carbonite service for 2016. (Id. at ¶ 14.)

Speight filed this lawsuit in the Circuit Court for Davidson County, Tennessee on May 2, 2016, alleging violations of the Tennessee Consumer Protection Act ("TCPA"), the subscription agreement, consumer protection law, intentional and negligent misrepresentation, and express and implied warranties. (Doc. No. 1-1.) Carbonite timely removed the case to this Court. (Doc. No. 1.)

The crux of Carbonite's Motion is that the February 22, 2011 agreement that Speight entered into included a Customer Contract, whereby Speight agreed to mandatory arbitration and forum selection terms that bar the prosecution of the case. (Doc. No. 5-1 at 2–3.) Specifically, the Declaration of David Raissipour, Senior Vice President of Product and Engineering for Carbonite, states that, on February 22, 2011, Speight "purchased a cloud back-up service from Carbonite, and , in doing so, agreed to the Customer Contract detailing the agreed upon terms and conditions of the parties' relationship." (Doc. No. 5-2 at ¶ 4.) Attached to Raissipour's Declaration is a copy of the Contract, which states as follows:

> These Terms shall be governed, construed and enforced in accordance with the laws of the Commonwealth of Massachusetts without reference to conflicts of law principles. The parties agree that the exclusive jurisdiction of any actions arising out of, relating to, or in any way connected with these Terms, shall be in the state or federal courts, as applicable, located in the City of Boston, or the County of Suffolk, Massachusetts.

> Any dispute, controversy or claim arising out of or relating to this Agreement, including the arbitrability of the matter, or the formation, interpretation, scope, applicability, termination or breach thereof, shall be referred to and finally determined by arbitration in accordance with the JAMS streamlined Arbitration Rules and Procedures . . . shall be conducted in Boston, Massachusetts . . . .

(Doc. No. 5-3 at 3.) Carbonite claims that Speight accepted this Contract because, to run the program, Speight had to complete the installation process which required agreeing to the terms of a "pop-up text box on [his] computer screen alerting [him] that he . . . must agree to the . . . Customer Contract to continue installing the product." (Docs. No. 5-2 at ¶ 3.) The Parties' central dispute, therefore, is whether Speight agreed to the Customer Contract in 2011. Indeed, as the Contract requires the question of arbitrability to be resolved by JAMS, a finding that Speight agreed to these terms obviates the need to rule on the issue of enforceability.

## II. Legal Standard

Rule 12(b)(6), requires the Court to take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679.

**III.    Analysis**

Before compelling arbitration, "[t]he first task of a court asked to [resolve arbitrability] of a dispute is to determine whether the parties agreed to arbitrate that dispute." Teamsters Local Union 480 v. United Parcel Serv., Inc., 748 F.3d 281, 286–87 (6th Cir. 2014) (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)). This is because "[a]rbitration is a 'matter of contract[.]'" Id. at 287 (quoting AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986)).

Carbonite's Motion hinges on whether Speight's claim that arose after March 24, 2014 is subject to a mandatory arbitration provision. (Doc. No. 5-1 at 6.) Speight alleges a breach of contract claim and asserts that he entered a contract on or about March 24, 2014. (Doc. No. 1-1 at ¶ 17.) The contract is not attached to the Complaint. There are no allegations in the Complaint regarding mandatory arbitration. Carbonite's reference to the prior contract is of no importance because Speight's claims for relief arise after March 2014. In a motion to dismiss, the Court must assume that the allegations in a complaint are true. Ashcroft, 556 U.S. at 679.

The Complaint is premised on the assertion that the Parties' dispute is governed by a March 24, 2014 agreement. (Doc. No. 1-1, at ¶¶ 7–38.) Raissipour's Declaration does not address this agreement; it only provides evidence of the 2011 agreement. (Doc. No. 5-2). Indeed, the only information in the record concerning the 2014 agreement is contained in the Complaint. (Doc. No. 1-1, at ¶¶ 7-38.) Because the Court must assume the veracity of the Complaint's allegations and Carbonite has failed to offer facts or law supporting the conclusion that Speight's claims are subject to mandatory arbitration, the Court must assume the veracity of Speight's claims at this stage. Ashcroft, 556 U.S. at 679.

I. **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss and Compel Arbitration (Doc. No. 5) is **DENIED**.

IT IS SO ORDERED

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT COURT